**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Real Value, LLC | ) |
| | ) Case No. 25-cv-4451 |
| v. | ) |
| | ) Judge: Hon. |
| THE PARTNERSHIPS and | ) |
| UNINCORPORATED ASSOCIATIONS | ) Magistrate: Hon. |
| IDENTIFIED ON SCHEDULE A | ) |
| | ) |

**COMPLAINT**

Plaintiff Real Value, LLC ("Real Value"), hereby files this Complaint for, *inter alia*, trademark infringement, counterfeiting, copyright infringement and related claims against Defendants, on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

**The Parties**

1. Real Value, LLC is a Oklahoma Limited Liability Company that maintains a principal place of business at 750 SW 24th Street, Moore OK, 73160.

2. Defendants identified on Schedule "A" are all believed to be individuals and unincorporated business associations who, upon information and belief, reside in foreign jurisdictions. The true names, identities, and addresses of Defendants are currently unknown.

3. Defendants conduct their illegal operations through fully interactive commercial websites hosted on various e-commerce sites, such as Alibaba/Aliexpress, Amazon, DHgate, eBay, Joom, Newegg, Shopify, Walmart, Wish, etc. ("Infringing Websites" or "Infringing Webstores"). Each Defendant targets consumers in the United States, including the State of

Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit products that violate Plaintiff's intellectual property rights ("Counterfeit Products") to consumers within the United States, including the State of Illinois and Northern District of Illinois. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

4. Through their operation of the Infringing Webstores, Defendants are directly and personally contributing to, inducing, and engaging in the sale of Counterfeit Products as alleged, oftentimes as partners, co-conspirators, and/or suppliers. Upon information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Products. Defendants intentionally conceal their identities and the full scope of their counterfeiting operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal counterfeiting operations. The identities of these Defendants are presently unknown. If their identities become known, Plaintiff will promptly amend this Complaint to identify them.

**Jurisdiction and Venue**

5. This is an action for trademark counterfeiting and trademark infringement and unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of

2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of Illinois.

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiff's claims for unlawful and deceptive acts and practices under the laws of the State of Illinois.

7. This Court has personal jurisdiction over Defendants in that they transact business in the State of Illinois and in the Northern District of Illinois.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants directly target business activities towards consumers in the State of Illinois.

**Background Facts**

9. Plaintiff is a drinkware and consumer package goods company on a mission to give generously and a leading producer of tumblers, water bottles, barware, totes, and more. Real Value owns all rights and all goodwill associated with that name SIMPLE MODERN, the developer of the product and holder all intellectual property rights to the name and mark, "S|MPLE MODERN" and "S|M", worldwide, and all goodwill associated with that name ("IP Rights"). SIMPLE MODERN manufactures, markets, sells and distributes SIMPLE MODERN products throughout the world, including within the Northern District of Illinois District (collectively, the "Plaintiff Products") under the federally registered trademarks identified in

Paragraph 10, below. Defendants' sales of Counterfeit Products in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff.

10. Plaintiff is the owner of all rights, title, and interest in and to, *inter alia*, the SIMPLE MODERN marks (U.S. Reg. No. 6129225, 6129229, 6129231, 6129232, 6129233, 6357489, and 6997108) (the "Mark" or "Marks"). The registration is valid, subsisting, unrevoked, and uncancelled pursuant to 15 U.S.C. § 1065. The registration for the Marks constitutes prima facie evidence of validity and of Plaintiff's exclusive right to use the Marks pursuant to 15 U.S.C. § 1057(b). A genuine and authentic copy of the U.S. federal trademark registration certificate for the SIMPLE MODERN Marks are attached as Exhibit 1.

11. Plaintiff is the owner of all rights, title, and interest in and to, *inter alia*, the Copyrights, registered in VA 2-383-006. VA 2-383-009 (the "Copyrights"). The aforementioned registrations are valid, subsisting, unrevoked and uncancelled. Plaintiff also owns common law rights in these and other copyrights for use in connection the SIMPLE MODERN products. A genuine and authentic copy of the U.S. federal copyright registration certificate for the above-listed Copyrights are attached hereto as Exhibit 2.

12. Plaintiff's brand, symbolized by the SIMPLE MODERN Mark, is used worldwide and symbolizes the quality and good will that consumers expect from products featuring the SIMPLE MODERN mark. As detailed below, Plaintiff has been using the SIMPLE MODERN Mark in connection with the advertising and sale of Plaintiff's Products in interstate and foreign commerce, including commerce in the State of Illinois and the Northern District of Illinois.

13. The SIMPLE MODERN Mark has been widely promoted throughout the globe including within the United States. Consumers, potential consumers, and other members of the public not only associate Plaintiff's Products with exceptional quality, style, and gameplay, but

also recognize the Plaintiff's Products sold in the United States originate exclusively with Plaintiff.

14. As of the date of this filing, Plaintiff's Products are sold online and in retail establishments throughout the world.

15. Plaintiff maintains quality control standards for all SIMPLE MODERN Products. Genuine SIMPLE MODERN Plaintiff Products are distributed through a network of Licensees, distributors and retailers, via webstores such as Amazon.com. Sales of SIMPLE MODERN Products via the web and legitimate webstores represent a significant portion of Plaintiff's business.

16. The SIMPLE MODERN Mark is highly visible and is a distinctive worldwide symbol of excellence in quality and uniquely associated with Plaintiff and, as a result, Plaintiff Products bearing the SIMPLE MODERN Mark have significant sales.

17. The SIMPLE MODERN Mark has never been assigned or licensed to any of the Defendants in this matter.

18. The SIMPLE MODERN Mark is a symbol of Plaintiff's quality, reputation, and goodwill and has never been abandoned.

19. Further, Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the SIMPLE MODERN Mark.

20. Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the SIMPLE MODERN Mark, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

21. Plaintiff has identified the SIMPLE MODERN Mark on the Infringing Webstores and Counterfeit Products designed to resemble authorized retail Internet stores selling genuine SIMPLE MODERN Products that Defendants had reproduced, displayed, and distributed without authorization or license from Plaintiff in violation of the SIMPLE MODERN Mark.

22. Defendants' use of the Mark on or in connection with the advertising, marketing, distribution, offering for sale, and sale of the Counterfeit Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

23. Defendants have manufactured, imported, distributed, offered for sale, and sold Counterfeit Products using the SIMPLE MODERN Mark and continue to do so.

24. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the SIMPLE MODERN Mark in connection with the advertisement, offer for sale, and sale of the Counterfeit Products, through, *inter alia*, the Internet. The Counterfeit Products are not genuine SIMPLE MODERNPlaintiff Products. The Plaintiff did not manufacture, inspect, or package the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution. Each Infringing Webstore offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Counterfeit Products into the United States, including Illinois.

25. Defendants falsely advertise the sale of authentic SIMPLE MODERN Products through the Infringing Webstores. Defendants' Infringing Webstore listings appear to unknowing consumers to be legitimate webstores and listings, authorized to sell genuine SIMPLE MODERN Plaintiff Products.

26. Defendants also deceive unknowing consumers by using the SIMPLE MODERN Mark without authorization within the content, text, and/or meta tags of the listings on Infringing Webstores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for SIMPLE MODERN Products and in consumer product searches within the Webstores.

27. Defendants go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Webstores. Upon information and belief, Defendants regularly create new Webstores on various platforms using the identities listed in Schedule "A" to the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their illegal counterfeiting operations and to prevent the Infringing Webstores from being disabled.

28. Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Counterfeit Products that infringe upon the SIMPLE MODERN Mark unless preliminarily and permanently enjoined.

29. Plaintiff has no adequate remedy at law.

## COUNT ONE
## FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT
## (15 U.S.C. §1114)

30. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

31. The Plaintiff's Mark and the goodwill of the business associated with it in the United States and throughout the world are of great and incalculable value. The Mark is highly

distinctive and has become universally associated in the public mind with Plaintiff's Products and related services. Consumers associate the Plaintiff's Mark with the Plaintiff as the source of the very highest quality products.

32. Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Plaintiff's Mark and the fact that Defendants' Counterfeit Products are sold using marks which are identical or confusingly similar to the Plaintiff's Mark, the Defendants have manufactured, distributed, offered for sale, and/or sold the Counterfeit Products to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff Products, in or affecting interstate commerce.

33. Defendants' use of copies or approximations of the Plaintiff's Mark in conjunction with Defendant's Counterfeit Products is likely to cause and is causing confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with, or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill, and sales.

34. The Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT TWO**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. §1125(a))**

35. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

36. The Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's Products sold and offered for sale by the Plaintiff or Licensees and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

37. By misappropriating and using the Plaintiff's Mark and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

38. Defendants' unlawful, unauthorized, and unlicensed manufacture, distribution, offer for sale, and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized, or approved by the Plaintiff, all to Defendants' profit and to the Plaintiff's great damage and injury.

39. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Plaintiff's Mark and trade names, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

40. The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

## COUNT THREE
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

41. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

42. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) in obtaining the Copyrights.

9

43. At all times relevant hereto, Plaintiff has been producer and sole owner of the original photographic images that are the subject of this action and protected by the Copyrights. Among the rights granted to Plaintiff is the exclusive right to market and sublicense the right to copy, reproduce and display the image. Additionally, Plaintiff is granted the exclusive right to make and control claims related to infringements of copyrights in the image.

44. Defendants have intentionally reproduced, displayed, distributed and made other infringing uses of the protected image, without authorization by Plaintiff.

45. As a result of its conduct, Defendants are liable to Plaintiff for copyright infringement.

46. Defendants knew their acts constituted copyright infringement and Defendant's conduct was willful within the meaning of the Copyright Act.

47. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

48. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

49. In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

## COUNT FOUR
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES (815 ILCS 510)

50. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

51. The Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's Products sold and offered for sale by the Plaintiff or Licensees and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

52. By misappropriating and using the Plaintiff's Mark and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

53. Defendants' unlawful, unauthorized, and unlicensed manufacture, distribution, offer for sale, and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized, or approved by the Plaintiff, all to the Defendants' profit and to the Plaintiff's great damage and injury.

54. Defendants' aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 *et seq*., in that Defendants' use of the Plaintiff's Mark and trade names, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

55. Plaintiffs have no adequate remedy at law and, if the Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays for judgment against Defendants in favor of the Plaintiff on all counts as follows:

1. That Defendants, their officers, agents, servants, employees, attorneys, confederates,

and all persons in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

(i) using the Plaintiff's Mark or any reproduction, counterfeit, copy, or colorable imitation of the Plaintiff's Mark in connection with the distribution, advertising, offer for sale, and/or sale of merchandise not the genuine products of the Plaintiff; and

(ii) passing off, inducing, or enabling others to sell or pass off any Counterfeit Products as genuine products made and/or sold by the Plaintiff; and

(iii) committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

(iv) further infringing the Plaintiff's Mark and damaging Plaintiff's goodwill;

(v) competing unfairly with Plaintiff in any manner;

(vi) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the SIMPLE MODERN Mark or any reproductions, counterfeit copies, or colorable imitations thereof;

(vii) using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products;

(viii) operating and/or hosting websites at the Infringing Webstores and any other domain names registered or operated by Defendants that are involved with the distribution,

marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Mark or any reproduction, counterfeit copy, or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Mark; and

(ix) registering any additional domain names that use or incorporate any of the Plaintiff's Mark; and

2. That Defendants, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court.

3. Entry of an order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of Counterfeit Products using the Plaintiff's Mark;

4. That Defendants' account for and pay over to Plaintiff any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the SIMPLE MODERN Mark be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. § 1117;

5. In the alternative, that Plaintiff be awarded statutory damages of Two Hundred and Fifty Thousand Dollars (U.S.) and No Cents ($250,000.00) for each and every use of the Plaintiff's Mark counterfeited by each Defendant;

6. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7. Grant Plaintiff such other and further legal relief as may be just and proper.

Respectfully submitted,

By:    s/David Gulbransen/
David Gulbransen
Attorney of Record

David Gulbransen (#6296646)
Law Office of David Gulbransen
805 Lake Street, Suite 172
Oak Park, IL 60302
(312) 361-0825 p.
(312) 873-4377 f.
david@gulbransenlaw.com